**CUDAHY PACKING CO. v. AUSTIN et al.
(No. 8211.)**

(Court of Civil Appeals of Texas. Galveston. April 18, 1922.)

Sales ⚙=183—Laundry owner held liable for goods delivered after his transfer of business without notice to seller.

Where defendant purchased goods from plaintiff to use in running defendant's laundry, and later sold the laundry to another person, who assumed the liabilities of defendant incurred in running the laundry, in absence of agreement by plaintiff to accept the obligation of any one but defendant to pay for the goods, defendant was liable for the goods purchased.

Appeal from Houston County Court; Nat Patton, Judge.

Action by the Cudahy Packing Company against P. D. Austin, John Horan, and others before a justice. Judgment for defendants, and they appeal to the county court. From judgment for plaintiff as against defendant Horan, and in favor of defendants Latham, Austin, Bryan, and the Crockett Steam Laundry, plaintiff appeals. Reversed and rendered in part, and affirmed in part.

N. H. Phillips, of Crockett, for appellant.

LANE, J. This suit was brought originally in the justice court for precinct No. 1 of Houston county, Tex., by the Cudahy Packing Company, hereinafter called Packing Company, against P. D. Austin, W. W. Latham, Earl Bryan, John Horan, and the Crockett Steam Laundry to recover upon a verified account for the sum of $144.36.

Judgment was rendered in said justice court in favor of the Packing Company against all the defendants for the sum of $134.28.

The case was carried by appeal to the county court of Houston county. Amplifying its cause of action in the county court, the plaintiff Packing Company alleged, in substance, that W. W. Latham was in the year 1918 the sole owner of the Crockett Steam Laundry, and that for the use of said laundry he purchased from the plaintiff certain goods, wares, and merchandise of the value of $144.36, for which he, W. W. Latham, promised to pay the plaintiff the said sum of $144.36; that after the purchase as aforesaid, and after the said W. W. Latham had received a part of the goods purchased, which were to be shipped to him by several

shipments at several times, he sold said laundry to P. D. Austin, who, as a part of the consideration therefor, agreed to assume all liabilities of W. W. Latham to arise out of all existing contracts of the said Latham relating to said laundry; that under such sale the said Austin took possession of a part of the goods sold and shipped to Latham by the Packing Company, of the value of $84, for which he accounted to W. W. Latham, and that thereafter he, P. D. Austin, and W. W. Latham sold the laundry, and the goods to be thereafter shipped upon Latham's order by the Packing Company to John Horan, who, as a part consideration therefor, assumed all existing contracts relative to said laundry; that thereafter Earl Bryan purchased the physical properties, business, and good will of the laundry from W. W. Latham and John Horan, and assumed the debts created for said laundry; the said Latham, however, retaining an interest in said laundry as special partner of Bryan. It alleged that all of said goods which was purchased by Latham from it were delivered to Latham and were wholly unpaid for.

The defendants Latham, Austin, and Bryan answered by their several denials, and John Horan made default.

The cause was tried before the court without a jury, and judgment was rendered in favor of the Packing Company against the defendant Horan for the sum of $134.28, together with interest and costs. Judgment was also rendered in favor of defendants Latham, Austin, Bryan, and the Crockett Steam Laundry against the Packing Company, decreeing that as against them the Packing Company should take nothing. From the judgment so rendered the Packing Company has appealed, and insists that the trial court erred in not also rendering judgment for it against W. W. Latham and P. D. Austin for the sum of $134.28, in that the undisputed evidence, as shown by the findings of fact of the court, shows the appellant was entitled to judgment against said parties for the sum of $134.28, with interest thereon at the rate of 6 per cent. from 30 days after the due date of the several bills of goods as alleged by the plaintiff.

The findings of fact filed by the court are as follows:

"First. That on or about the 17th day of June, 1918, the defendant, Dr. W. W. Latham, acting by and through his duly authorized agent, J. H. Sharpe, executed and delivered to the plaintiff an order in writing for the goods, wares, and merchandise in plaintiff's petition described, that the agreed price thereof was $134.28, and that said sum was then and there, and at the delivery thereof, the rea-

sonable and fair market value of said commodities.

"Second. That on or about the 5th day of August, 1918, the defendant Dr. W. W. Latham sold the Crockett Steam Laundry to the defendant P. D. Austin, who ran the same for the period of some two months, during which time the defendant P. D. Austin received the goods in plaintiff's petition described, and, with the consent and approval of defendant Dr. W. W. Latham, used a part of the same and sold that portion not used by him to defendant John Horan, who on or about the 5th day of October, 1918, purchased the said Crockett Steam Laundry from defendants P. D. Austin and Dr. W. W. Latham.

"Third. That there is no evidence of any notice to the plaintiff of any of the changes of ownership in the Crockett Steam Laundry above referred to, nor is there evidence of any cancellations of the orders above mentioned, nor of payment of any part of the plaintiff's demand in issue in this suit."

The undisputed evidence shows that the goods for which the debt sued upon was created were ordered by W. W. Latham from the Packing Company, that they were shipped and delivered upon said order, and that the Packing Company has never been paid for same.

There is no evidence that the Packing Company ever agreed to accept any other person than W. W. Latham as its creditor for the payment of the debt created by Latham, but, to the contrary, the court found and the undisputed evidence shows that no such acceptance was made or that the Packing Company ever had any notice whatever of the several sales by which the Crockett Steam Laundry or the goods in question were transferred from one person to another.

By virtue of the order of Latham and the shipment and receipt of the goods thereunder there was created an obligation upon Latham to pay the Packing Company for the goods so received, and therefore judgment should have been rendered for the Packing Company against W. W. Latham for the sum of $134.28; that being the amount shown by the evidence to have been unpaid of the purchase price of the goods sold by the Packing Company to Latham.

Having reached the conclusion above expressed, the judgment in favor of W. W. Latham is reversed, and judgment is here rendered in favor of the Cudahy Packing Company against W. W. Latham for the sum of $134.28, with 6 per cent. interest per annum from 30 days after the due date of the several shipments of goods unpaid for. In all other respects the judgment is affirmed.

Reversed and rendered in part, and in part affirmed.